UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-14081-CIV-ROSENBERG/MAYNARD

GUY ROOFING, INC,

    Plaintiff,

v.

ANGEL ENTERPRISES, LLC and
CREAREX, LLC,

    Defendants.

_____/

```
FILED by_____ D.C.

  SEP 0 5 2017

  STEVEN M. LARIMORE
  CLERK U.S. DIST. CT.
  S.D. OF FLA. - FT. PIERCE
```

## REPORT AND RECOMMENDATION ON
## CREAREX'S MOTION TO DISMISS WITH PREJUDICE [D.E. 26]

**THIS CAUSE** is before the Court upon Defendant Crearex's Motion to Dismiss Plaintiff's Second Amended Complaint, D.E. 26, filed on June 8, 2017. Plaintiff filed its Response, D.E. 27, on June 22, 2017. Defendant Crearex filed its Reply, D.E. 33, on July 17, 2017. With leave of the Court, Plaintiff filed a Sur-reply, D.E. 37, on August 10, 2017. On July 13, 2017, this Motion was referred to the undersigned, D.E. 32, for a Report and Recommendation.

The Court has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises. Having reviewed the Motion and respective briefing, this Court recommends that the Motion to Dismiss be denied.

### BACKGROUND

On or about May 11, 2016, Plaintiff Guy Roofing, Inc. and Defendant Angel Enterprises, LLC ("Angel") entered into a contract for Plaintiff to install a new roof on a shopping center owned by Angel at the time (the "roofing contract"). Second Amended Complaint at ¶13 [D.E.

17]. Thereafter, on or about June 17, 2016, Angel agreed to sell the shopping center to Defendant Crearex, LLC ("Crearex"). *Id.* at ¶16. Unaware of the sales agreement, Plaintiff continued to work on the roof which was completed in July 2016. *Id.* On or about August 16, 2016, Angel and Crearex closed on the sale of the shopping center. *Id.* at ¶17.

In the present action, Plaintiff seeks $118,320.00 as payment for the balance due on installation of the new roof. *Id.* at ¶11. Plaintiff alleges that Angel and Crearex placed this amount in escrow to pay for the roof when they closed on the sale of the shopping center, but the funds have not been released to Plaintiff due to Crearex's effort to "impose additional conditions." *Id.* at ¶19. The Second Amended Complaint alleges four causes of action: breach of contract against Angel; breach of contract against Angel in the alternative;[1] unjust enrichment against Crearex; and a demand for arbitration against both Defendants. Crearex's Motion to Dismiss seeks dismissal of the unjust enrichment claim and demand for arbitration, and argues Plaintiff has failed to join an indispensable party.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe

---

[1] Although the caption of the alternative breach of contract claim describes it as being made against Defendant Angel, the substantive allegations alleged therein suggest Plaintiff intended this claim to be brought against Defendant Crearex. Second Amended Complaint ¶¶ 12-21. Indeed, it is unclear why Plaintiff would need an "alternative" breach of contract claim against Angel, when it already stated a breach of contract claim against Angel in the first cause of action. If this is an error, it renders the alternative breach of contract claim confusing and fails to provide fair notice to Defendant Crearex of all the claims against it. *Compare* Defendant Crearex's Motion to Dismiss (stating that the Second Amended Complaint alleges causes of action against Crearex only for unjust enrichment and a demand for arbitration) [D.E. 26:4] *with* Plaintiff Guy Roofings' Response to Defendant Crearex's Motion to Dismiss (stating that the Second Amended Complaint also alleges a breach of contract action against Crearex) [D.E. 27:2]. In addition, the Court notes another error on page five of the Second Amended Complaint at ¶29, which alleges Plaintiff had a "contract with Defendant Crearex," and then attaches a contract that is in fact between Plaintiff and Defendant Angel. Plaintiff may want to seek leave from the District Court to file a third amended complaint to fix these issues.

2

the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). In assessing the legal sufficiency of a complaint's allegations, a court must apply the standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), which is that the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'". *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n. 3. "Factual allegations must be enough to raise the right to relief above a speculative level." *Twombly*, 550 U.S. at 555. A complaint must contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir.2002). As long as the allegations rise above a speculative level, however, a well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*overruled on other grounds by Twombly*, 550 U.S. 544).

## DISCUSSION

### I. Unjust Enrichment Claim

Crearex's Motion first argues that Plaintiff has failed to allege a claim for unjust enrichment. To plead unjust enrichment under Florida law,[2] a plaintiff must show: (1) plaintiff conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof. *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004); *Porsche Cars N. Am., Inc. v. Diamond*, 140 So. 3d 1090, 1100 (Fla. 3d DCA 2014); *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.*, 668 So.2d 205 (Fla. 2d DCA 1995). The Second Amended Complaint alleges Guy Roofing installed a new roof on the shopping center, thereby conferring a benefit on Crearex, who purchased the building while the roofing work was underway. Second Amended Complaint ¶23.

Crearex contends that the Second Amended Complaint fails to state a claim for unjust enrichment because Crearex paid for the roof by placing the funds due and owing in escrow; thus Crearex did not receive a benefit without paying the value of it. This Court disagrees. Placing funds in escrow is certainly not the same as paying for the roof to the entity that provided it. Moreover, the Second Amended Complaint alleges that Crearex is preventing payment to Plaintiff by imposing additional conditions on release of the escrowed funds that were not contemplated by the original roofing contract. *Id.* at 19. If true, this situation would describe just the sort of inequitable circumstances that unjust enrichment is intended to address. Viewing the allegations in the light most favorable to Plaintiff as the Court is required to do at this stage

---

[2] When, as here, federal jurisdiction is based upon 28 U.S.C. § 1332, federal courts apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

4

of the proceedings, this Court finds that the Second Amended Complaint states a plausible claim for unjust enrichment on its face.

In its Reply in support of the Motion to Dismiss, Crearex claimed for the first time that it did not knowingly and voluntarily accept the benefit of the roof. Generally, a party may not wait until a reply brief to raise an argument for the first time. *See, e.g., In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in a reply brief are deemed waived."); *see also Flamenbaum v. Orient Lines. Inc.*, No. 03-22549, 2004 WL 1773207, at *14 (S.D. Fla. July 20, 2004) (declining to address an argument raised for the first time in a reply brief); *Greenhorn v. Marriott Int'l, Inc.*, 258 F. Supp. 2d 1249, 1292-63 (D. Kan. 2003) (refusing to rule on an issue raised for the first time in a reply brief); *Coleman v. B-G Maint. Mgmt. of Colorado, Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) (declining to address issues not raised in the opening brief). This Court is therefore inclined to agree with Plaintiff that Crearex has waived this argument, but will nevertheless address the argument for the sake of thoroughness, and since Plaintiff had the opportunity to respond to the argument in a Sur-reply.

Crearex relies on *CMH Homes, Inc. v. LSFC Co., Inc.*, 118 So. 3d 964 (Fla. 1st DCA 2013) to support the assertion that it did not knowingly and voluntarily accept and retain the benefit of the roof. In *CMH Homes*, a borrower obtained a mortgage for a parcel of land. *Id.* at 965. One year later, CMH Homes (a homebuilder) entered into an agreement with the borrower to construct a house on the mortgaged property. Later, the holder of the mortgage (LSFC) filed a foreclosure action against the borrower, also naming CMH Homes as a defendant. CMH Homes claimed it would be unjust and inequitable for LSFC to take possession of the mortgaged land without paying the fair value of the property as a whole (which now included a house). The

appellate court rejected this argument, finding LSFC could not have knowingly or voluntarily accepted the benefit of the house because the mortgage was executed one year before construction of the house began. *Id.* Without knowing and voluntary acceptance of a benefit, relief based on unjust enrichment was not appropriate.

Unlike *CMH Homes*, however, Plaintiff alleges facts here that suggest Crearex well knew about the roof installation when it purchased the shopping center. *See, e.g.*, Second Amended Complaint ¶¶14-16 (Crearex agreed to purchase the property and closed on the sale while the roofing work was underway); ¶18 (upon information and belief, Crearex agreed to accept assignment of rights and duties under the roofing contract when it purchased the shopping center); ¶25 (Crearex agreed to escrow the remaining balance due to pay for the roof). Thus, *CMH Homes* does not apply. Accepting the allegations in the Second Amended Complaint as true, Crearex knew about and accepted the benefit of the new roof. This Court recommends that the Motion to Dismiss be denied as to unjust enrichment.

## II.     The Arbitration Demand

Crearex next moves to dismiss the demand for arbitration in the Second Amended Complaint. Crearex says is not a signatory on any contract requiring it to arbitrate this matter, and even if it were, Plaintiff has waived the right to demand arbitration by filing this lawsuit and engaging in litigation. Plaintiff responds that the issue is premature since no motion to compel arbitration has been filed, and discovery is needed to determine Crearex's obligations, if any, with respect to the arbitration provision in the roofing contract. Plaintiff also maintains it has not waived any rights to arbitration at this stage.

The Federal Arbitration Act ("FAA") was enacted to "declare 'a national policy favoring arbitration of claims that parties contract to settle in that manner.'" *Vaden v. Discover Bank*, 556

6

U.S. 49, 58 (2009) (*quoting Preston v. Ferrer*, 552 U.S. 346 (2008)); *CompuCredit Corp. v. Greenwood*, 565 U.S. 95 (2012) (recognizing that the Federal Arbitration Act reflects a "liberal federal policy favoring arbitration."). This means courts must "rigorously enforce" arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985). The FAA "leaves no room for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* at 213 (emphasis in original).[3]

Section 4 of the FAA provides that a party aggrieved by the failure of another to arbitrate an issue may file a motion to compel arbitration with a district court. *See* 9 U.S.C. § 4; *Vaden*, 556 U.S. at 62. "*[O]n application of the parties*, a court must stay the proceedings if the parties have agreed to arbitrate an issue underlying the case." 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon an issue referable to arbitration under an agreement in writing for such arbitration, the court … shall *on application of one of the parties* stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]") (emphasis added).

Since no motion to compel arbitration has been filed or application made by any of the parties, this Court agrees with Plaintiff that it is premature to determine the issue at this point in the proceedings. The roofing contract between Plaintiff and Angel contains an agreement to arbitrate disputes arising out of or relating to the contract. Second Amended Complaint ¶29. At

---

[3] The FAA is applicable here because the contracts involve interstate commerce. 9 U.S.C. §§1 and 2; *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1316 (S.D. Fla. 2004). "Involving commerce" requires only "that the 'transaction' in fact 'involv[e]' interstate commerce, even if the parties did not contemplate an interstate commerce connection." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 281 (1995). Plaintiff is a South Carolina corporation. Second Amended Complaint at ¶1. Angel is a New York limited liability company. *Id.* at ¶2. Crearex is a Florida limited liability company. *Id.* at ¶4. As such, the roofing contract involves interstate commerce as it relates to Plaintiff and Angel. *See Sims*, 336 F. Supp. 2d at 1316. Similarly, the agreement between Crearex and Angel to purchase a shopping center in Florida also involves interstate commerce. As a result, the FAA applies. *See id.*

7

this point, however, Plaintiff does not know whether Crearex undertook assignment of this obligation when it purchased the shopping center. *Id.* at ¶30 (alleging "Plaintiff is informed and believes that Defendant Angel assigned all contract rights, duties and obligations to Defendant Crearex. However, despite requests for confirmation of this assignment, none has been provided to Plaintiff."). The lawsuit was filed, at least in part, as a means of determining this issue, and the allegations are sufficient in this regard to put Crearex on notice of the claim.

For its part, Crearex insists that it did not sign any agreement to arbitrate, and cannot be bound by any contract it did not sign. Crearex does not address in its motion papers whether it accepted assignment of rights and obligations under the roofing contract as part of purchasing the shopping center. A determination of whether parties have agreed to submit a dispute to arbitration is an issue of law to be resolved by courts not arbitrators. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010). In this case, Florida principles of contract law govern the question of whether an arbitration provision may be enforced by or against a nonparty. *See Kong v. Allied Professional Ins. Co.*, 750 F.3d 1295, 1302 (11th Cir. 2014) (*citing Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009) (the Federal Arbitration Act does not "purport[] to alter background principles of state contract law regarding the scope of agreements (including the question of who is bound by them)"); *see also Amat v. Rey Pizza Corp.*, 204 F. Supp. 3d 1359, 1363 (S.D. Fla. 2016) (In determining whether a binding agreement to arbitrate exists between the parties "courts apply the contract law of the particular state that governs the formation of the contract") (*quoting Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005)).

A number of courts, both state and federal, have recognized that non-signatories to contracts containing arbitration provisions can be bound to arbitrate under various principles of

contract and agency law. Examples of such circumstances include where the non-signatory has assumed the rights and obligations of the contract, is a third party beneficiary, has an agency relationship with the signatory, or where the non-signatory has incorporated by reference the agreement containing the arbitration clause. *See Cone Constructors*, 754 So.2d 779 (discussed *supra*); *Pulte Home Corp. v. Bay at Cypress Creek Homeowners' Ass'n, Inc.*, 118 So. 3d 957, 958 (Fla. 2d DCA 2013) (compelling non-signatory homeowners to arbitrate a claim arising under a preexisting contract between a builder and a homeowners association); *Laizure v. Avante at Leesburg, Inc.*, 109 So.3d 752, 762 (Fla. 2013) (requiring plaintiffs in a wrongful death action to arbitrate provisions contained in a decedent's contract); *Germann v. Age Inst. of Fla., Inc.*, 912 So.2d 590, 592 (Fla. 2d DCA 2005) (stating that "a non-signatory to an arbitration agreement may be bound to arbitrate if the non-signatory has received something more than an incidental or consequential benefit of the contract"); *see also Employers Ins. of Wausau v. Bright Metal Specialties*, 251 F.3d 1316, 1323 (11th Cir. 2001) (holding that a non-signatory to a prior agreement was bound by an arbitration clause contained in the prior agreement where it signed a subsequent agreement incorporating the prior agreement by reference); *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (abrogated on other grounds) (using equitable estoppel theory to allow a non-signatory to compel arbitration); *Regent v. Seven Seas Cruises, Inc. v. Rolls Royce, PLC*, No. 06-22347, 2007 WL 601992, at *7 (S.D. Fla. Feb. 21, 2007) (recognizing "three exceptions that allow non-signatories to a contract to compel arbitration: (1) equitable estoppel; (2) a sufficiently close relationship between the signatory and non-signatory defendants; and (3) third-party beneficiary status"); *NRP Grp., Inc. v. Hydropress, LLC*, No. 06-60593, 2007 WL 201259, at *3 (S.D. Fla. Jan. 24 2007) (using third party beneficiary theory to allow a non-signatory to compel arbitration); *Bolamos v. Globe Airport Security Servs., Inc.*, No.

02-21005, 2002 WL 1839210, at *2 (S.D. Fla. May 21, 2002) (using agency principles to allow a non-signatory defendant to enforce an arbitration provision).

As a result, Crearex's assertion that it did not sign any contract with Plaintiff clearly is not the end of the inquiry regarding whether Crearex may be obligated to arbitrate. Plaintiff has adequately alleged that Crearex is an assignee of Plaintiff's contract with Angel, which contains an arbitration provision. In *Kong v. Allied Professional Ins. Co.*, the Eleventh Circuit examined Florida law to determine whether assignment of a contract includes the transfer of the duty to arbitrate under the contract. 750 F.3d 1295 (11th Cir. 2014). Specifically, the *Kong* Court looked at the case of *Cone Constructors, Inc. v. Drummond Community Bank*, 754 So.2d 779 (Fla. 1st DCA 2000), in which a Florida appellate court considered this issue. *Kong*, 750 F.3d at 1302-03. In *Cone Constructors*, a power company had assigned its contract rights to a bank, which subsequently sued one of the power company's debtors. *Id. (citing Cone Constructors*, 754 So.2d at 779). The debtor moved to compel arbitration based on the arbitration clause in the debtor's contract with the power company. *Id.* The Florida Court held that the bank, as assignee, was obligated to arbitrate the dispute. *Id. (citing Cone Constructors*, 759 So.2d at 779-80). According to the Eleventh Circuit, *Cone Constructors* shows "Florida law does not treat arbitration as a duty that requires the assignee's assent before [the assignee] can be subject to the [contract's] arbitration provision. Rather … Florida law treats arbitration as a 'remedial mechanism' that is included in any assignment." *Id.*

Plaintiff is entitled to some discovery to determine what obligations, if any, Crearex undertook with respect to the roofing contract in purchasing the shopping center. Once discovery occurs and the relevant evidence as to this issue has been exchanged, the parties will be in a better position to determine the appropriateness of a motion to compel arbitration.

It is also too early in the case to conclude that Plaintiff has waived any rights to arbitration by filing the present lawsuit. "'A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right and, in so acting, has in some way prejudiced the other party.'" *Grigsby & Assocs., Inc. v. M. Secs. Inv.*, 635 F. App'x 728, 731 (11th Cir. 2015). At this point, Plaintiff does not even know whether it has a right to arbitration with Crearex; thus, it should not be said to have waived a right that it may not even possess. The parties have not engaged in extensive litigation, so Plaintiff has not acted inconsistently with any rights it may have. Crearex also has not established prejudice, which the law requires it to do. *Ivax Corp. v. B. Braun of Am.*, 286 F.3d 1309, 1316 (11th Cir. 2002); *Grigsby*, 635 F. App'x at 734 (collecting cases from sister circuits declining to find waiver where the parties had already engaged in discovery). Accordingly, the undersigned recommends that the Motion to Dismiss the demand for arbitration be denied.

### III.   Failure to Join an Indispensable Party

Lastly, Crearex argues that the escrow agent holding the remaining balance due is an indispensable party to this action, and Plaintiff's failure to join this agent makes dismissal appropriate. Rule 12(b)(7) provides that an action may be dismissed for failure to join a party under Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7). Rule 19 sets forth a two-step inquiry. "First, the court must determine whether the person in question should be joined. If the person should be joined, but for some reason cannot be, the court must analyze the factors outlined in Rule 19(b) to determine whether 'in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus regarded as indispensable.'" *Lake Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999) (quoting Fed. R. Civ. P. 19(b)); *see also Wymbs v. Republican State Executive Comm.*, 719 F.3d

11

1072, 1079 (11th Cir. 1983) (applying Rule 19(a) and (b)). As a result, before ruling on a 12(b)(7) motion, a court must first determine whether the absent party is a "necessary" one under Rule 19(a). Under Rule 19(a), an absent party must be joined, if feasible, where:

> (1) In the person's absence, the court cannot accord complete relief among existing parties; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). If a party does not qualify as necessary, then the court need not decide whether its absence warrants dismissal under Rule 19(b). *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000).

This Court disagrees with Crearex's assertion that this lawsuit cannot proceed without the presence of the escrow agent. Any escrow agent involved is only implicated in this case to the extent that the Second Amended Complaint alleges the balance due has been placed into escrow. The funds do not belong to the entity holding those funds, and that entity serves merely as a depository for the monies at issue. Generally, an escrow agent is not a real party in interest, and does not have a personal stake in who receives the funds. No escrow agent has stepped forward to claim a stake or interest in the roofing contract. Moreover, Plaintiff seeks no relief against any escrow agent; rather, the Second Amended Complaint seeks a judgment against Angel and Crearex in the amount of the balance due to Plaintiff under the roofing contract. Complete relief can be accorded without the presence of the escrow agent. Indeed, Plaintiff alleges that but for Crearex's instruction to the escrow agent not to disburse the funds, Plaintiff would have been paid for completing the work. Second Amended Complaint ¶¶19-20. In other words, the Complaint alleges that Crearex has control over whether the funds in escrow are disbursed to Plaintiff or not. Where an escrow agent merely holds funds but has no stake in the litigation's

outcome, courts have concluded that the agent is not a necessary party to the litigation. *See, e.g., Hallman v. Safeway Stores, Inc.*, 368 F.2d 400, 403 (5th Cir. 1966) (trustee and escrow agent not necessary to action because they have no interest whatsoever in the outcome of the controversy); *Combe v. Flocar Inv. Grp. Corp.*, 977 F. Supp. 2d 1301, 1305 (S.D. Fla. 2013) (escrow agent is not an indispensable party where the plaintiff's claims do not depend on actions or inactions of agent and where agent does not claim a legitimate interest in the transactions involved); *Cf. Berkeley Acquisitions, LLC v. Mallow, Konstam & Hager, P.C.*, 262 F.R.D. 269, 273 (S.D.N.Y. 2009) (contract parties are indispensable while the escrow agent is not a real party in interest); *Hidey v. Waste Sys. Int'l. Inc.*, 59 F. Supp. 2d 543, 546 (D. Md. 1999) (escrow agent served as mere depository for the funds and therefore was a nominal party having no interest in the outcome of the litigation). Thus, in the absence of any evidence to the contrary, the Motion should be denied as to this ground.

## CONCLUSION

**ACCORDINGLY**, this Court recommends to the District Court that Crearex's Motion to Dismiss with Prejudice, D.E. 26, be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 5th day of September, 2017.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE